UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PNC BANK NATIONAL
ASSOCIATION, a national banking
association, successor-by-merger with
RBC Bank (USA), a North Carolina state-
chartered bank, successor-by merger with
Florida Choice Bank, a Florida state-
chartered bank

    Plaintiff,

v.                                        Case No: 5:16-cv-66-Oc-PGBPRL

WILNIC PROPERTIES, LLC,
NICHOLAS PRZYSTAWSKI,
SUZANNE L. PRZYSTAWSKI and
CENTRAL FLORIDA FOOT CARE,
P.A.

    Defendants.

## ORDER

Before the Court are Plaintiff's motions to strike affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (Docs. 29, 32). Upon due consideration and for the reasons discussed, Plaintiff's motions are due to be denied in large part and granted to the limited extent set forth therein.

    **I.**    **BACKGROUND**

According to the complaint (Doc. 1), Defendant Wilnic Properties, LLC ("Wilnic") is a Florida limited liability company whose current members are Nicholas and Suzanne Przystawski. Defendant Central Florida Foot Care, P.A. ("CFFC") is a Florida corporation, who is a former Wilnic member. On or about January 9, 2006, Wilnic and CFFC obtained a loan (the "Loan")

from a Florida bank, who Plaintiff has now succeeded by merger. The Loan is evidenced by a promissory note (the "Note") and is secured by a mortgage on real property located in Lake County and executed by Wilnic and CFFC, along with a guaranty (the "Guaranty") executed by Nicholas and Suzanne Przystawski.

Around August of 2015, Defendants defaulted on the Loan. Plaintiff then brought this action claiming, *inter alia*, damages for breach of the Note and the Guaranty. Defendants have answered and asserted affirmative defenses, all of which Plaintiff has moved to strike.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored and will usually be denied unless it is clear that the pleading (or portion thereof) that is sought to be stricken is legally insufficient. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999). Indeed, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574 (M.D. Fla. 1995). And, "[t]o the extent defenses amount to denials, 'the proper remedy is not to strike the claim[s], but instead to treat [them] as . . . specific denial[s].'" *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 1139572, at *3 (M.D. Fla. Apr. 27, 2009)

(quoting *Bluewater Trading LLC v. Wilmar USA, Inc.*, 2008 WL 4179867, at *2 (S.D. Fla. Sep. 9, 2008)).

A defense is sufficiently pled under Rule 8, Fed. R. Civ. P., if it is stated in "short and plain terms."  In asserting a defense, "it is not always necessary to allege the evidentiary facts constituting the defense," *Blanc v. Safetouch, Inc.*, No. 3:07 CV 1200 J 25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008); rather, the pleading need only give fair notice of the defense(s) "so that [the] opposing part[y] may respond, undertake discovery, and prepare for trial." *McGlothan v. Walmart Stores, Inc.*, No. 6:06-cv-94-Orl-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006); *see also Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988) ("[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.")

**III.   DISCUSSION**

Plaintiff argues that all of the affirmative defenses asserted by Defendants are insufficient as a matter of law.   However, the defenses at issue —with the limited exception outlined below— all challenge the sufficiency of the pleadings, amount to denials, and, accordingly, are not due to be stricken.

Suzanne Przystawki asserts three affirmative defenses.   In her First Affirmative Defense she disputes the validity of the debt and demands verification under the Fair Debt Collection Practices Act ("FDCPA").   To the extent Suzanne Przystawski challenges the Loan and Guaranty's validity, this amounts to a denial of Plaintiff's allegation that these documents are enforceable (see Doc. 1, ¶¶ 61, 71–72) (alleging that the Loan and Guaranty are enforceable); thus, this defense should not be stricken. *See Goodbys Creek*, 2009 WL 1139572 at *3.   Plaintiff asserts that the FDCPA does not apply here because the Loan and Guaranty are commercial debts

and concludes that this defense should be stricken for this reason. But to the extent the parties dispute whether, under the facts of this case, the FDCPA applies here is an issue better resolved at a later stage in litigation. *See, e.g.*, *F.T.C. v. Rawlins & Rivera, Inc.*, No. 6:07-CV-146-ORL18KRS, 2007 WL 1730091, at *2 (M.D. Fla. June 14, 2007) ("It is inappropriate to resolve disputed factual issues on a motion to strike.").

Likewise, Suzanne Przystawski's Second Affirmative Defense, in which she asserts that she never received notice of default, should not be stricken. This defense amounts to a denial that she received notification of default from Plaintiff. (*See* Doc. 1, ¶¶ 35, 51, 77) (alleging that Suzanne Przystawski received notice of default on or around December 10, 2015).

In contrast, Suzanne Przystawski's Third Affirmative Defense is due to be stricken in part. First, the defense asserts that, due to their dissolution of marriage, Nicholas Przystawski (her former husband) must indemnify her in this action. However, "[i]ndemnification is a distinct cause of action," and "is not an affirmative defense." *Wiemer v. Felberbaum & Associates, P.A.*, No. 07-80934-CIV, 2008 WL 299016, at *2 (S.D. Fla. Feb. 1, 2008) (holding that indemnification, along with reserving the right to assert an indemnification claim, are not affirmative defenses); *accord F.D.I.C. v. Scott*, 125 F.3d 254, 259 (5th Cir. 1997) ("This indemnity suit, therefore, is an independent claim for relief, not an affirmative defense or the like."); *Zazula v. Kimpton Hotels & Restaurants, L.L.C.*, No. 10-21381-CIV, 2011 WL 1741832, at *2 (S.D. Fla. May 2, 2011) (setting forth the elements for a claim of indemnity under Florida law). However, this affirmative defense also asserts that Suzanne Przystawski—due to the dissolution of marriage between her and Nicholas Przystawski—is no longer liable for the debt at issue here. This assertion amounts to a denial of the allegation that the Guaranty is enforceable against her. (*See* Doc. 1, ¶¶ 71–72) (alleging that the Guaranty is enforceable against Suzanne Przystawski). Accordingly, Suzanne

Przystawski's Third Affirmative Defense is due to be stricken, but only in part and to the limited extent that indemnification is a distinct cause of action.

Finally, the other Defendants—Wilnic, CFFC, and Nicholas Przystawski—assert that Plaintiff lacks standing to bring this action as Plaintiff has not produced the Note that evidences the Loan. (Doc. 28). In response, Plaintiff represents that it is in possession of the Note, will produce it at the appropriate time, is under no duty to produce the Note now, and that its allegations establish standing to bring this suit. In any event, the defense at issue amounts to a denial of the allegations that Plaintiff possesses the Note and that Plaintiff has standing to bring this action. (*See* Doc.1, ¶¶ 15, 30–32, 45, 58) (alleging that Plaintiff is the holder of the Loan and possesses the Note). Thus, this defenses should not be stricken.

Accordingly, and upon due consideration, Plaintiff's motion (Doc. 29) is **DENIED IN PART and GRANTED IN PART** and Plaintiff's motion (Doc. 32) is **DENIED** in its entirety.

**DONE** and **ORDERED** in Ocala, Florida on June 3, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties