**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

PNC BANK NATIONAL
ASSOCIATION, a national banking
association, successor-by-merger with
RBC Bank (USA), a North Carolina state-
chartered bank, successor-by merger with
Florida Choice Bank, a Florida state-
chartered bank

 Plaintiff,

v.                    Case No: 5:16-cv-66-Oc-PRL

WILNIC PROPERTIES, LLC,
NICHOLAS PRZYSTAWSKI,
SUZANNE L. PRZYSTAWSKI and
CENTRAL FLORIDA FOOT CARE,
P.A.

 Defendants.

## ORDER

  Plaintiff PNC Bank National Association brings this breach of contract and foreclosure action to enforce a promissory note, guaranty, mortgage, and several other related agreements. Before the Court is Plaintiff's motion for partial summary judgment. (Doc. 47). Plaintiff seeks summary judgment on its claims that Defendant Wilnic Properties, LLC, breached its agreement to repay the promissory note and that Defendants Suzanne and Nicholas Przystawksi breached their guarantee of that note. For the reasons discussed below, Plaintiff's motion for partial summary judgment is granted.

- 2 -

## I. BACKGROUND

As an initial matter, I note that the undisputed facts are established by a Verified Complaint (Doc. 1), copies of the various loan documents (Docs. 1-1, 1-2), as well as an affidavit and payment records attached to the motion for summary judgment (Doc. 47-1).  *See, e.g.*, *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991) (noting that so long as Civil Rule 56(c)(4) is satisfied, the verified allegations in a complaint are treated as evidence at the summary judgment stage).  No party has responded to the motion for summary judgment nor provided any controverting affidavit, deposition, or other paper evidencing a genuine issue for trial.  Accordingly, neither unsupported denials nor unsupported affirmative defenses can defeat Plaintiff's well-supported motion for summary judgment.

### A. Factual history

Wilnic is a Florida limited liability company located in Lake County.  (Doc. 1 ¶3(c)). Defendants Suzanne and Nicholas Przystawksi are Florida residents and are Wilnic members. (Docs. 1 ¶ 3(e, f); 1-1 p.2).  Plaintiff is a national banking association whose main office is located in Pennsylvania.  (Doc. 1 ¶ 3(b)).

On January 9, 2006, Florida Choice Bank loaned Wilnic $82,500 and the two entities executed a Business Loan Agreement (Doc. 1-1 pp.21–25).[1]  (Docs. 1-1 pp.4–5; 47, ¶¶1–2).  To secure the loan, Wilnic executed a promissory note (the "Note").  (Doc. 1-1 pp.4–5).  Under the Note, Wilnic agreed to repay the loan by making monthly payments to Florida Choice until January

---

[1] On April 12, 2008, Florida Choice merge into RBC Bank, who then in turn merged into PNC (the plaintiff here) on March 2, 2012.  (Docs. 1 ¶¶30–32; 1-2 pp.53–54).

9, 2008.[2]  On that same date, and in order to further secure this loan, Wilnic executed a mortgage (Doc. 1-1 pp.27–32)[3] and Suzanne and Nicholas guaranteed the Note. (Doc. 1-2 pp.42–47).

On October 10, 2007, Florida Choice agreed to loan Wilnic a future advance of $350,000—effectively raising the amount Florida Choice loaned Wilnic to $432,500. This advance was secured by a "Note Modification" (Doc. 1-1 pp.7–15) and a "Notice of Future Advance, First Modification of Note, Mortgage, and Loan Documents" (Doc. 1-1 pp.35–37). These amendments also pushed back the Note's maturity date to 2017 and obligated Wilnic to make monthly payments on the fifth of each month. (Doc. 1-1 p.17).

On the same day that Florida Choice extended the future advance of $350,000 to Wilnic, Suzanne and Nicholas executed another guaranty of Wilnic's loan. (Doc. 1-2 pp.48–51). I will refer to this guaranty and the January 9, 2006 guaranty collectivity as the "Guaranty."[4] Then, in March of 2008, Wilnic and Florida Choice executed a "Second Modification of Note, Mortgage, and Loan Documents," which appears to have moved the Note's maturity date to 2033. (Doc. 1-1 pp.40–42). I will refer to all of the above-mentioned documents as the "Loan Documents."

Under the Loan Documents, Wilnic's failure to make any monthly payment constitutes a default under the Note. (Doc. 1-1 pp.4, 11). And upon such default, Florida Choice (and thus Plaintiff, via merger) retains the right to accelerate the entire unpaid principal amount and any accrued but unpaid interest—thus, those amounts would become due immediately upon default

---

[2] Other security instruments and agreements further secure the Note. (Docs. 1 ¶¶21–24; 1-1 pp.21–25, 44–45, 47–56; 1-2 pp.2–40). But because these other instruments and agreements are not at issue in Counts I and II of the Verified Complaint, and as Plaintiff has moved for summary judgment on only those two counts, the Court does not address these other instruments and agreements here.

[3] Defendant Central Florida Foot Care, P.A., ("CFFC") is a Florida corporation that apparently leases the property subject to the mortgage (Doc. 1 ¶3(g)), but CFFC is not a Defendant to the Counts at issue here.

[4] Under the terms of the January 9, 2006 guaranty, any of Plaintiff's rights under subsequent guaranties are cumulative. (Doc. 1-2 pp.42, 54).

along with any collection costs and legal fees. (Doc. 1-1 pp.4, 12). Under the Guaranty, Suzanne and Nicholas absolutely and unconditionally guaranteed the entire amount due under the Note (and its amendments), along with any accrued unpaid interest, collection costs, and legal expenses associated therewith. (Doc. 1-2 pp.42–51). Further, Suzanne and Nicholas are jointly and severally liable for those amounts. (Doc. 1-2 p.48).

According to Plaintiff, Wilnic defaulted on the Note by failing to make the August 5, 2015 payment.[5] (Docs. 1 ¶33; 47 p.3; 47-1 ¶8). On December 10, 2015, Plaintiff sent Wilnic, Suzanne, and Nicholas demand letters. (Doc. 1 ¶¶35–42). But none of the Defendants have paid any further amount under the Note. (Docs. 47 ¶35; 47-1 pp.4–5). Thus, according to Plaintiff, the Note is now accelerated and Wilnic owes $361,825.55 in unpaid principal, along with accrued interest of $19,192.97 (accruing $38.29 per diem) and late charges totaling $1,862.24—a total of $382,880.76 as of November 17, 2016. (Docs. 1 ¶¶41, 49; 47 pp.2, 16; 47-1 p.7 ¶21).

### B. Procedural history

On February 5, 2016, Plaintiff commenced this action by filing a Verified Complaint. (Doc. 1). Plaintiff's Vice President Kenneth Bailey verified that the factual allegations associated with the Loan Documents and Wilnic's subsequent default "are true and correct to the best of my knowledge and belief formed after reasonable inquiry into the facts and circumstances described above." (Doc. 1 p.25). Attached to the Verified Complaint are various exhibits that Plaintiff represents are true and correct copies of the Loan Documents. (Doc. 1-1, 1-2). Plaintiff's claims are breach of the Note (Count I); breach of the Guaranty (Count II); mortgage foreclosure (Count

---

[5] Wilnic made its July 5, 2015 payment on September 8, 2015; this payment is the last payment of record under the Note. (Docs. 47 ¶32; 47-1 p.7 ¶20; 47-1 p.13).

III); security interest foreclosure in rents (Count IV); and security interest foreclosure in personal property (Count V).

All of the Defendants have answered the Verified Complaint. (Docs. 25, 28). Defendants Wilnic and Nicholas are represented by counsel and have submitted a joint answer. (Doc. 28). In that answer, Wilnic (and Nicholas) admit that Wilnic borrowed $432,500 from Florida Choice and executed the Note, as amended. (Doc. 28 ¶¶10–26, 57). Wilnic further admits that the Note is enforceable against it (Doc. 28 ¶¶60–61) and that true and correct copies of the documents at issue are attached to the Verified Complaint (Doc. 28 ¶¶11, 13, 14, 16, 18, 20, 21, 23, 25). Wilnic otherwise denies that it defaulted under the Note.

Nicholas admits that he guaranteed the Note and that the Guaranty is enforceable against him, but he otherwise denies that he is liable under the Note. (Doc. 28 ¶¶27, 29, 68, 71–72). He further admits that a true and correct copy of the Guaranty is attached to the Verified Complaint. (Doc. 28 ¶29). Together, Nicholas and Wilnic assert a single affirmative defense: Plaintiff has failed to produce the original note and thus lacks standing to bring this action. (Doc. 28 p.10).

Defendant Suzanne proceeds *pro se* and essentially answers by denying all of the allegations made against her or otherwise asserted in the Verified Complaint (other than the allegation that Wilnic borrowed $82,500 from Florida Choice). (Doc. 25 ¶10). In her answer, she also asserts several affirmative defenses: the underlying debt is invalid; she received no notice of default; and, assuming that the debt is valid, she is no longer liable for it.[6] (Doc. 25 p.11).

Plaintiff now seeks partial summary judgment on its breach of Note claim against Wilnic (Count I) and its breach of Guaranty claim against Suzanne and Nicholas (Count II). (Doc. 47). Attached to its motion is the affidavit of Vice President Bailey, along with payment history records.

---

[6] The Court struck her indemnification defense. *See* (Docs. 29, 35).

(Doc. 47-1). In his affidavit, Bailey submits that he has personal knowledge of the books and records that Plaintiff has generated and maintained in its ordinary course of business for its transactions with Wilnic. (Doc. 47-1 ¶2). Bailey further states that he was assigned to (and is familiar with) Wilnic's account and has reviewed all of the documents attached to the Verified Complaint, including the Note and Guaranty at issue here. (Doc. 47-1 ¶7). According to Bailey, Wilnic failed to make its August 5, 2015 payment and all other payments thereafter. (Doc. 47-1 ¶¶8, 20). Bailey notes that Plaintiff has neither released Wilnic, Suzanne, nor Nicholas from their obligations (Doc. 47-1 ¶14) and, as of November 17, 2016 (the date Plaintiff filed the instant motion), a total of $382,880.76 is due (Doc. 47-1 ¶21).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record in the light most favorable to the non-moving party. *Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict" for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Which facts are material depends on the underlying substantive law. *Id.* "A court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

### III. DISCUSSION

This is a diversity action in which the Court has subject matter jurisdiction under 28 U.S.C. § 1332. The documents at issue here state that Florida law governs (Docs. 1-1 pp.4, 15, 24, 31, 43, 46); thus, absent argument to the contrary, the Court will apply the laws of Florida. *See RSUI Indem. Co. v. Desai*, No. 8:13-CV-2629-T-30TGW, 2014 WL 4347821, at *2 (M.D. Fla. Sept. 2, 2014) (noting that "the choice-of-law rules of the forum state determine which state's substantive law applies"); *Videojet Techs. Inc. v. Garcia*, No. 8:07-CV-1407T30MAP, 2008 WL 2415042, at *3 (M.D. Fla. June 12, 2008)) (footnote omitted) (stating that "when contracting parties indicate in the contract their intention as to the governing law, any dispute under the contract will be governed by such law as long as it is not against Florida's public policy").

#### A. The Note

In Count I of its Verified Complaint, Plaintiff brings a claim against Wilnic for breach of the Note. To establish a breach of contract claim under Florida law, a plaintiff must allege the following elements: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). And under Florida law, "the holder of the promissory note is entitled to enforce its terms." *NWE7 LLC v. Thomco Enterprises, Inc.*, No. 3:13CV439/MCR/EMT, 2015 WL 11109790, at *4

(N.D. Fla. Jan. 5, 2015). Further, "the presentation by a payee of 'an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense.'" *Fed. Deposit Ins. Corp. v. Amos*, No. 3:12CV548-MCR/EMT, 2015 WL 12434211, at *3 (N.D. Fla. Mar. 23, 2015), *amended,* No. 3:12CV548-MCR/EMT, 2015 WL 12546290 (N.D. Fla. July 20, 2015) (quoting *Cole Taylor Bank v. Shannon*, 772 So. 2d 546, 550 (Fla. Dist. Ct. 2000)); *see W.H. Downing v. First National Bank of Lake City,* 81 So. 2d 486, 488 (Fla. 1955) (requiring production of the original promissory note); Fla. Stat. § 702.015(4) (requiring the original promissory note to be filed before the court can enter judgment on the note).

Plaintiff alleges here that it is the holder to the Note (and its amendments) and that Wilnic defaulted under the terms of the Note by failing to make the payments due on August 5, 2015 and thereafter. Further, Plaintiff has alleged and shown that under the Note there is now due a total outstanding principal amount of $361,825.55, accrued and unpaid interest of $19,192.97 through November 17, 2016 (with a per diem of $38.29 each day thereafter), and late fees of $1,862.24. Plaintiff has provided evidence of these allegations through its Verified Complaint, copies of the Loan Documents, Bailey's affidavit, and payment records.

Further, Wilnic admits that the Note is enforceable against it and that true and correct copies of Note and its amendments are attached to the Verified Complaint. Although Wilnic denies that it defaulted under the Note, it has provided no evidence to support this denial or otherwise create an issue of fact.

Lastly, Wilnic's affirmative defense fails. The defense states that "Plaintiff Lacks Standing: Until [Plaintiff] produces the original note, [it has] not shown [it is] the true owner of the claim sued upon, the real party in interest and [has] not shown [it is] authorized to b[ri]ng this

action." (Doc. 28 p.10). Yet Wilnic provides no factual basis for its challenge to Plaintiff's standing to enforce the promissory note at issue here. And as discussed *supra*, Plaintiff is the successor by merger to RBC and Florida Choice Bank, and thus Plaintiff owns and holds the Note and is entitled to enforce the Loan Documents. *See* 12 U.S.C. § 215a(e) ("All rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer. The receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises, and interests . . . in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the merging banks or banking associations at the time of the merger . . . ."); *Mortgage Electronic Registration Sys., Inc. v. Azize*, 965 So. 2d 151, 153 (Fla. App. Ct. 2007) (holding that the owner and holder of a note has standing to enforce the note).

To be sure, Plaintiff must submit the original note before this Court can enter judgment on this Count. Under Florida law, an original promissory note sued upon must be surrendered to the court prior to the issuance of a judgment. *See* Fla. Stat. § 702.015(4); *Johnston v. Hudlett*, 32 So. 3d 700, 704 (Fla. App. Ct. 2010). This ensures that the note is not thereafter negotiated. *Johnson*, 32 So. 3d at 704. Accordingly, Plaintiff will be directed to tender the original Note to the Clerk of Court for cancellation before entry of final judgment on this Count; but Plaintiff need not submit the original note in order to have standing to sue here. *See, e.g.*, *PNC Bank, national Association v. Orchid Group Investments, L.L.C.*, No: 2:13-cv-12-FtM-38CM, at Doc. 111 (M.D. Fla. July 23, 2014) (allowing the plaintiff to submit the original note at issue before the entry of final judgment).

Because there are no genuine issues of material fact, summary judgment should be entered in favor of Plaintiff and against Wilnic on Count I.

### B. The Guaranty

"A guaranty is a collateral promise to answer for the debt or obligation of another." *FDIC v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985). Like a breach of a promissory note claim, contract law applies to a claim for breach of a guaranty. *Fed. Deposit Ins. Corp*, 2015 WL 12434211 at *3. Under Florida law, "[o]ne who guarantees payment of a promissory note is liable upon default." *Corcoran v. Martin*, 202 So. 2d 16, 21 (Fla. Dist. Ct. App. 1967). And though "the guarantor of a promissory note may be held jointly and severally liable with its maker," the "'extent of the guarantor's liability depends upon the language of the guaranty itself.'" *Wachovia Bank, Nat. Ass'n v. Horizon Wholesale Foods, LLC*, No. CIV A 09-0072-KD-B, 2009 WL 3526662, at *4 (S.D. Ala. Oct. 23, 2009) (quoting *First Florida Bank, N.A. v. All World, Inc.*, 588 So. 2d 284, 285 (Fla. Dist. Ct. App. 1991).

Plaintiff alleges here that it is the holder of the Guaranty and that Suzanne and Nicholas failed to make payments under the Note when Wilnic defaulted on August 5, 2015 and thereafter. Further, the Guaranty makes clear that both Suzanne and Nicholas are jointly and severally liable for amounts owed under the Note. Further, Plaintiff has provided evidence of these allegations through its Verified Complaint, copies of the Loan Documents, Bailey's affidavit, and payment records.

As to Suzanne, although she denies all of the allegations against her (with the exception that Wilnic borrowed $82,500 from Florida Choice), she has not produced any evidence to rebut those allegations or support her denials. And all of her wholly-unsupported affirmative defenses fail.

Her first defense disputes the validity of Wilnic's debt under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). This act, however, only applies to personal loans—it "does not cover debts arising from business loans." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011); 15 U.S.C. § 1692a ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes . . . ."). Suzanne has presented no evidence to rebut Plaintiff's exhibit, which shows that Wilnic's loan is commercial in nature (Doc. 1-1 pp.7, 21); nor has she presented any evidence to show why Wilnic's loan is otherwise invalid. Suzanne's second affirmative defense states that this suit is not ripe because Plaintiff failed to provide notice of default. Yet she has taken no steps to create a question of fact on whether Plaintiff provided her with notice (as Plaintiff says it did), nor has she provided any evidence that such notice is a condition precedent to filing this suit. Finally, her third affirmative defense states that she is not liable for the Loan. But according to Plaintiff it has not relieved Suzanne of her guarantee and she has presented no evidence to create a question of fact as to her liability.

As to Nicholas, he admits that he guaranteed the Loan and that the Guaranty is enforceable against him. And although he denies that he is liable for Note, he has presented no evidence to create an issue of fact as to his liability. And to the extent he asserts the affirmative defense that Plaintiff lacks standing to bring this action until it produces the original note, I reject that argument for the reasons stated earlier.

Thus I submit that summary judgment should be entered in favor of Plaintiff and against Suzanne and Nicholas Przystawski on Count II, because there are no genuine issues of material fact.

### IV. CONCLUSION

Because the allegations contained in PNC Bank National Association's Verified Complaint have been proven by competent evidence and there are no material issues of law or fact in dispute, Plaintiff's motion for partial summary judgment (Doc. 47) is **GRANTED**:

1) PNC Bank National Association is awarded damages against Defendants, jointly and severally, in the form of unpaid principal and interest under the Note, as modified, and the Guaranty in the amount of **$382,880.76** ($361,825.55 of principal, accrued and unpaid interest of $19,192.97, and late fees of $1,862.24) together with prejudgment interest in the amount of $38.29 per day from November 17, 2016 through the date of final judgment as well as expenses, court costs, and attorney's fees to be determined post-judgment.

2) Plaintiff is **DIRECTED** to submit the original promissory note to the Clerk of the Court **on or before February 3, 2017** for cancellation before entry of final judgment. Upon that submission, the Court will then order the clerk to enter final judgment on Counts I and II in favor of PNC Bank National Association and against Wilnic Properties, LLC on Count I and against Suzanne Przystawski and Nicholas Przystawski on Count II.

**ORDERED** in Ocala, Florida on January 18, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties