UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PNC BANK NATIONAL
ASSOCIATION, a national banking
association, successor-by-merger with
RBC Bank (USA), a North Carolina state-
chartered bank, successor-by merger with
Florida Choice Bank, a Florida state-
chartered bank

    Plaintiff,

v.                                                                                                                           Case No: 5:16-cv-66-Oc-PRL

WILNIC PROPERTIES, LLC,
NICHOLAS PRZYSTAWSKI,
SUZANNE L. PRZYSTAWSKI and
CENTRAL FLORIDA FOOT CARE,
P.A.

    Defendants.

## ORDER

After prevailing on its motion for partial summary judgment, Plaintiff PNC Bank National Association filed the instant motion for attorney's fees and costs against Defendants Wilnic Properties, LLC, Suzanne Przystawski, and Nicholas Przystawski. (Doc. 56). For the following reasons, Plaintiff's motion is due to be granted in its entirety.

### I. BACKGROUND

This is a breach of contract and foreclosure case. Last fall, Plaintiff moved for partial summary judgment, seeking redress on only Counts I and II, in which Plaintiff requested judgment on Count I for breach of a promissory note against Wilnic and judgment on Count II for breach of a guarantee of that note against Suzanne and Nicholas. (Doc. 47). I then granted Plaintiff's

- 2 -

motion and the clerk entered final judgment on Counts I and II.  (Docs. 49, 53).  Plaintiff has now moved for attorney's fees and costs as to only those two counts (Doc. 56), and none of the Defendants have opposed the motion.  Lastly, I note that the parties have stipulated to dismissal of the remaining counts in this case.  (Docs. 60, 61).

## II.   ATTORNEY'S FEES

As an initial matter, the parties do not dispute here that Plaintiff, the prevailing party as to Counts I and II, is entitled to both attorney's fees and costs.  Indeed, Defendants conceded the issue of entitlement at the February 22, 2017 hearing held before me (Doc. 59) and the contracts at issue entitle Plaintiff to both fees and costs.  (Docs. 1-1, at p.4; 1-2 at p.49).

In determining reasonable attorney's fees, the Court applies the federal lodestar approach, by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained.  *Norman v. Hous. Auth. of the City of Montgomery*, 836 F. 2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "'an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent

judgment either with or without the aid of witnesses as to value."' *Norman*, 836 F. 2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A.     Reasonableness of Hours Expended

In support of Plaintiff's requested fees, it has attached itemized billing records. (Doc. 56-1). Those unrebutted records show that Plaintiff's counsel spent a total of 132.80 hours on this case. (Doc. 56-1 at 16). The records further show that Mrs. Catherine S. Hester spent 116 hours on this case and Mrs. Erin S. Brown spent 16.8 hours. Also attached to Plaintiff's motion for fees is the affidavit of Attorney Brown, who avers that she has been practicing law for twenty years, has experience in representing lenders in commercial litigation, and that her law firm almost exclusively represents lenders in commercial transactions. (Doc. 56-1 at 3). Absent any objection, and given this case's post-partial-summary-judgment posture (along with Plaintiff's success on Counts I and II), I find that in my experience the requested number of hours is reasonable.

### B.     Reasonableness of Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303. Here, Defendants do no dispute and I agree that the requested $175 per hour (from November 9, 2015 to December 31, 2016) and the $210 per hour (from January 1, 2017 to February 2, 2017) for Mrs. Catherine S. Hester and Mrs. Erin S. Brown are reasonable and consistent with market rates in the Ocala Division. *See* Doc. 56-1 at 6; *Am. Home Assurance Co. Weaver Aggregate Transp., Inc. v. Manzo*, No. 5:10-CV-329-OC-10PRL, 2015 WL 12830413, at *4 (M.D. Fla. Jan. 14, 2015), *report*

*and recommendation adopted sub nom. Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-CV-329-OC-10PRL, 2015 WL 12850589 (M.D. Fla. Feb. 26, 2015) (awarding similar hourly rates in a breach of contract action).

### C. Summary

In summary, I find that a reasonable lodestar for Attorney Brown is 111.2 hours at $175 per hour ($19,460.00) and 4.8 hours at $210 per hour ($1,008.00)—for a total fee award of $20,468.00 for Mrs. Brown. And for Attorney Hester, 14.5 hours at $175 per hour ($2,537.50) and 2.3 hours at $210 per hour ($483.00)—for a total fee award of $3,020.50 for Mrs. Hester. In sum, the total fee award is $23,488.50.[1]

### III. COSTS

Plaintiff seeks costs as a prevailing party under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. (Doc. 56-1 at p.17). Specifically, Plaintiff requests an amount of $940.20, which includes: (1) $400.00 for the filing fee; (2) $21.00 in recording fees of *lis pendens* in Lake County; (3) $440.00 in service of process fees; and (4) $79.20 in copy charges for the process server.

Rule 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." And § 1920 enumerates expenses that a federal court may tax as a cost under the authority in Rule 54(d), including *inter alia*: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

---

[1] Plaintiff requests a total fee amount of $23,562.00, but under the Court's calculations (and absent Plaintiff's own explanation of how it reached its requested amount), the Court will use the amount that it calculated.

- 5 -

Defendants have raised no objection to the requested costs here and I find them to be permissible under § 1920. *See PNC Bank Nat. Ass'n v. Orchid Grp. Investments, L.L.C.*, No. 2:13-CV-12-FTM-38CM, 2014 WL 4954779, at *2 (M.D. Fla. Oct. 2, 2014) (awarding costs under 28 U.S.C. § 1920 including filing fees, *lis pendens* recording fees, service of process fees, and copy charges).

### IV.   CONCLUSION

Accordingly, Plaintiff's motion (Doc. 56) is **GRANTED** to extent that the **Clerk** is directed to enter an attorney's fee judgment in favor of Plaintiff and against Defendants Wilnic Properties, LLC, Suzanne Przystawski, and Nicholas Przystawski in the amount of $23,488.50 and a cost judgment in favor of Plaintiff and against Defendants Wilnic Properties, LLC, Suzanne Przystawski, and Nicholas Przystawski in the amount of $940.20.

**DONE** and **ORDERED** in Ocala, Florida on March 13, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties